## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                                                     CRIMINAL NO. 3:00-cr-110WS

TIMOTHY BRUCE BAILEY

### ORDER

Before the court is the motion of the defendant Timothy Bruce Bailey seeking to reduce his sentence. Bailey filed this motion himself pursuant to Rule 35(b)[1] of the Federal Rules of Criminal Procedure, seeking to be permitted house arrest so that he could help take care of his father. However, a Rule 35(b) motion must be made by the Government based on a defendant's substantial assistance with another investigation or prosecution. By its plain terms, Rule 35(b) authorizes the Government, not the defendant, to file a motion seeking a reduced sentence. *United States v. Early*, 27 F.3d 140, 141 (5th Cir.), *cert. denied*, 513 U.S. 1027, 115 S.Ct. 600, 130 L.Ed.2d 511 (1994). The record confirms that the Government has not filed a Rule 35(b) motion in this case, and that the Government has objected to the instant motion.

Furthermore, the defendant has asked this court to transform this attempt to file a Rule 35(b) motion to a motion to modify or reduce sentence under Title 28 U.S.C.

---

[1] Rule 35(b) provides that, "[i]f the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's presentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence."

§ 2255 [2]. However, the defendant was sentenced pursuant to a Memorandum of Understanding with the United States wherein he waived the right to appeal his sentence on any ground, and agreed not to contest his sentence in any proceeding under Title 28 U.S.C. § 2255.

Based on the foregoing, this court finds the defendant's Rule 35(b) motion to be improperly filed and the same is denied. Moreover, the defendant's agreement to waive the right to seek relief under § 2255 is valid and enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994). Thus, this court rejects the defendant's suggestion that this motion be converted to a motion to modify or reduce sentence under Title 28 U.S.C. § 2255.

**SO ORDERED**, this the 3rd day of April, 2006.

*Henry T. Wingate*
CHIEF UNITED STATES DISTRICT COURT

CRIMINAL NO. 3:00-cr-110WS
Order

---

[2]Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."